

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

BOARD OF TRUSTEES, NATIONAL )
  STABILIZATION AGREEMENT OF THE )
  SHEET METAL INDUSTRY TRUST FUND, )
BOARD OF TRUSTEES, SHEET METAL )
  WORKERS' NATIONAL PENSION FUND, )
BOARD OF TRUSTEES, INTERNATIONAL )
  TRAINING INSTITUTE FOR THE SHEET )
  METAL AND AIR CONDITIONING )
  INDUSTRY, ) CIVIL ACTION NO: 1:13CV52
SHEET METAL OCCUPATIONAL HEALTH ) TSE/IDD
  INSTITUTE TRUST )
NATIONAL ENERGY MANAGEMENT )
  INSTITUTE COMMITTEE )
8403 Arlington Boulevard )
Fairfax, VA 22031 )
            Plaintiffs, )
             )
    v. )
             )
WESTERN SHEET METAL & ROOFING, INC. )
  d/b/a Western Sheet Metal & Roofing )
101 North Johnson Street, Suite 5107 )
Missoula, MT 59801-1503 )
             )
            Defendant. )

## COMPLAINT

Plaintiffs, by undersigned counsel, complain as follows.

### JURISDICTION

1.    This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §§1132, 1145; 29 U.S.C. §185(a); and/or 28 U.S.C. §1331. The claims asserted all are made under federal statutes or federal common law, but the supplemental jurisdiction of the Court under 28 U.S.C. §1367(a) also extends to any claims that are found to lie under state law.

2.      A copy of this Complaint is being served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail in accordance with 29 U.S.C. §1132(h).

## VENUE

3.      Venue lies in the Eastern District of Virginia under 29 U.S.C. §1132(e)(2), 29 U.S.C. §185(a) and/or 28 U.S.C. §1391(b).

## PARTIES

4.      Plaintiff Board of Trustees, National Stabilization Agreement of the Sheet Metal Industry Trust Fund ("SASMI") is the collective name of the trustees of the National Stabilization Agreement of the Sheet Metal Industry Trust Fund, a trust established under 29 U.S.C. § 186(c)(5). The trustees are the "named fiduciary," plan "administrator" and "plan sponsor," within the meaning of 29 U.S.C. §§1102(a), 1002(16), and each is an individual "fiduciary," within the meaning of 29 U.S.C. §1002(21), of a "multiemployer plan" and "employee welfare benefit plan," within the meaning of 29 U.S.C. §§1002(37),(1), with two benefit schedules, known as the National Stabilization Agreement of the Sheet Metal Industry Trust Fund Amended and Restated Rules and Regulations (for construction employees) and the National Stabilization Agreement of the Sheet Metal Industry Trust Fund Industrial & Production Employee Amended and Restated Rules and Regulations f/k/a "SASMI-II" (for production and industrial employees). The trust, its trustees and plan are jointly or severally referenced as "SASMI" in this Complaint.

5.      Plaintiff Board of Trustees, Sheet Metal Workers' National Pension Fund is the collective name of the trustees of the Sheet Metal Workers' National Pension Fund, a trust established under 29 U.S.C. §186(c)(5). The trustees are the "named fiduciary," plan

"administrator" and "plan sponsor," within the meaning of 29 U.S.C. §§1102(a), 1002(16), and each is an individual "fiduciary," within the meaning of 29 U.S.C. §1002(21), of a "multiemployer plan" and "employee pension benefit plan," within the meaning of 29 U.S.C. §§1002(37),(3), known as the Sheet Metal Workers' National Pension Fund. The trust, its trustees and plan are jointly or severally referenced as "NPF" in this Complaint.

6. Plaintiff Board of Trustees, International Training Institute for the Sheet Metal and Air Conditioning Industry f/k/a National Training Fund for the Sheet Metal and Air Conditioning Industry is the collective name of the trustees of the International Training Institute for the Sheet Metal and Air Conditioning Industry, a trust established under 29 U.S.C. §186(c)(5). The trustees are the "named fiduciary," plan "administrator" and "plan sponsor," within the meaning of 29 U.S.C. §§1102(a), 1002(16), and each is an individual "fiduciary," within the meaning of 29 U.S.C. §1002(21), of a "multiemployer plan" and "employee welfare benefit plan," within the meaning of 29 U.S.C. §§1002(37),(1), providing apprenticeship training and educational benefits. The trust, its trustees and plan are jointly or severally referenced as "ITI" in this Complaint.

7. SASMI, NPF and ITI are jointly or severally referenced as "ERISA Funds" in this Complaint.

8. The ERISA Funds and their collection activities are administered from an office(s) at the address(es) listed in the caption of this Complaint.

9. Plaintiff National Energy Management Institute Committee is a labor management committee established pursuant to the Labor Management Cooperation Act of 1978 and 29 U.S.C. §186(c)(9) that is funded by contributions under collective bargaining agreements. NEMIC is the principal source of funding for National Energy Management Institute ("NEMI"),

which is a District of Columbia nonprofit corporation whose directors are comprised of equal numbers of labor and management representatives. National Energy Management Institute Committee and NEMI are jointly or severally referenced as "NEMIC" in this Complaint.

10. Plaintiff Board of Trustees, Sheet Metal Occupational Health Institute Trust is the collective name of the trustees of the Sheet Metal Occupational Health Institute Trust, a trust established under 29 U.S.C. §186(c)(5). The Sheet Metal Occupational Health Institute Trust is a joint labor-management health and safety organization serving the sheet metal industry. The trust and its trustees are jointly or severally referenced as "SMOHIT" in this Complaint.

11. SMOHIT, NEMIC and the ERISA Funds are jointly and severally referenced as "Funds" or "Plaintiffs" in this Complaint.

12. NPF, ITI, SMOHIT and NEMIC are jointly or severally referenced as "National Funds" in this Complaint.

13. The trustees of SASMI, NPF, ITI and SMOHIT bring this action in their collective names or, as necessary or appropriate, in the name of the respective trusts or plans, and their participants, and beneficiaries pursuant to Fed.R.Civ.Pro. 17.

14. Defendant, Western Sheet Metal & Roofing, Inc d/b/a Western Sheet Metal & Roofing ("Company") is a Montana corporation and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§152(2), (6) and (7), 1002(5), (11) and (12) with a business office at the address listed in the caption. The Company does business with the Funds that is sufficient to create personal jurisdiction over the Company in this district and a substantial part of the events or omissions giving rise to the claim occurred from transactions with the Funds' office(s) in this district.

SASSMW.33299
435315_1.DOC

## COMMON FACTS

15. Company employs employees represented for purposes of collective bargaining by Sheet Metal Worker' International Association and/or one or more of its affiliated Local Unions, which are labor organizations representing employees in an industry affecting interstate commerce and are jointly or severally referenced as "Union" in this Complaint.

16. At all times relevant to this action, the Company was party to or agreed to abide by the terms and conditions of a collective bargaining agreement(s) with Union (such agreements referred to singly or jointly as "Labor Contract"). A true and correct copy of the cover page, table of contents, contribution provisions and joinder or signature page of the Labor Contract is attached as Exhibit 1.

17. The Company also signed or agreed to abide by the terms of the agreements and declarations of trust of the ERISA Funds (singly or jointly, "Trust Agreements"), made between certain employers and employee representatives in an industry(ies) affecting interstate commerce to promote stable and peaceful labor relations.

18. Under the Labor Contracts, Trust Agreements, rules and regulations adopted by the Funds and applicable law, the Company agreed:

(a) To make full and timely payment on a monthly basis to the Funds, as required by the Labor Contracts, Trust Agreement and rules and regulations;

(b) To file monthly remittance reports with the Funds detailing all employees or work for which contributions were required under the Labor Contract;

(c) To produce, upon request by the Funds, all books and records deemed necessary to conduct an audit of the Company's records concerning its obligations to the Funds and to pay the cost of the audit; and

(d) To pay liquidated damages, late charges, interest, audit costs, and all costs of litigation, including attorneys' fees, expended by the Funds to collect any amounts due as a consequence of the Company's failure to comply with its contractual and statutory obligations described in Subparagraphs (a), (b) and (c).

19. Payments due to the Funds are calculated separately for each Fund on remittance reports required to be prepared monthly by each contributing employer. This is a self-reporting system and Plaintiffs rely on the honesty and accuracy of the employers in reporting hours worked and paid, and in reporting the contributions owed for work by employees.

20. A completed remittance report and accompanying payment must be submitted to the Funds by no later than the twentieth (20th) day after the end of each calendar month with work (the "Due Date") and are delinquent if received thereafter.

21. Under the Labor Contract, Trust Agreements, NPF Rules and Regulations and other benefit plans of the National Funds, Company also is required to pay the following amounts to the National Funds:

(a) Interest on any delinquent contributions calculated at a rate of eight and one-half percent (8.5%) per annum;

(b) Late charges equal to the greater of: (i) fifty dollars ($50.00) for each month of contributions paid after the Due Date, and before any lawsuit is filed; or (ii) ten percent (10%) of the contributions due for those months;

(c) Liquidated damages in an amount equal to the greater of: (i) interest on all delinquent contributions; or (ii) twenty percent (20%) of the contributions that were unpaid on the date the lawsuit was filed, or which became delinquent subsequent to filing of the lawsuit; and

(d) All attorneys' fees and costs that the National Funds incur as a consequence of the

6

Company's failure to comply with its obligations under the Labor Contract, Agreements and Declarations of Trust of the National Funds, the rules and regulations of the National Funds and applicable law.

22. Under the Labor Contract, Trust Agreements and SASMI Rules and Regulations, Company also is required to pay the following amounts to SASMI:

(a) Interest on any delinquent contributions calculated at a rate of eight and one-half percent (8.5%) per annum;

(b) Late charges equal to ten percent (10%) of the contributions due for those months;

(c) Liquidated damages in an amount equal to twenty percent (20%) of the contribution amount for contributions paid after the Due Date; and

(d) All attorneys' fees and costs that SASMI incurs as a consequence of the Company's failure to comply with its obligations under the Labor Contract, SASMI Trust Agreement, the SASMI Rules and Regulations and applicable law.

23. Under ERISA, Company is required to pay the following amounts to the Funds:

(a) Interest on any delinquent contributions calculated at a rate of eight and one-half percent (8.5%) per annum;

(b) Liquidated damages in an amount equal to the greater of: (i) interest on all delinquent contributions; or (ii) twenty percent (20%) of the contributions that were unpaid on the date the lawsuit was filed, or which became delinquent subsequent to filing of the lawsuit; and

(c) Reasonable attorneys' fees and costs that the Funds incur as a consequence of the Company's failure to comply with its obligations under the Labor Contract, Agreements and Declarations of Trust of the Funds, the rules and regulations of the Funds and applicable law.

24. All conditions precedent to this lawsuit or the relief it seeks have been satisfied.

## COUNT I - CONTRIBUTIONS UNDER ERISA - SUM CERTAIN

### ERISA FUNDS

### v.

### COMPANY

25. The allegations of Paragraph 1 through 24 are incorporated by reference as if fully restated.

26. During the period May 2012 through November 2012, Company employed persons on whose wages and hours worked and/or paid it is required to submit remittance reports and contributions to the ERISA Funds but has failed to submit the required remittance reports, contributions, interest, late charges and/or liquidated damages to the ERISA Funds in violation of 29 U.S.C. § 1145.

27. Based upon presently available information, Company owes to the ERISA Funds contributions, interest and liquidated damages as detailed on the attached Exhibit 2.

28. The ERISA Funds are adversely affected and damaged by the Company's violation of 29 U.S.C. §1145.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Enter judgment against Company in favor of the Plaintiffs, for the benefit of the ERISA Funds, for at least the sum certain amount plus any additional amounts which may become due during the pendency of this lawsuit together with interest at the rate(s) prescribed by the Trust Agreements from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the documents governing the ERISA Funds or statute, and reasonable attorneys' fees

and costs incurred in this action or the collection or enforcement of any judgment as provided under the Trust Agreements, Rules and Regulations or other benefit plans adopted by the trustees of the ERISA Funds and 29 U.S.C. §1132(g)(2).

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT II - CONTRIBUTIONS UNDER CONTRACT - SUM CERTAIN

### PLAINTIFFS

v.

### COMPANY

29. The allegations of Paragraphs 1 through 24 are incorporated by reference as if fully restated.

30. The Company has not paid the Funds as required by the Labor Contract, and other documents incorporated by the Labor Contract, such as the Trust Agreements or rules and regulations as adopted by the trustees of the ERISA Funds.

31. Based upon presently available information, Company owes to the Funds contributions, interest, liquidated damages and late charges as detailed on the attached Exhibit 2.

32. Plaintiffs have been damaged as a proximate result of the breach of Labor Contract and/or its incorporated documents by Company.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Enter judgment against the Company and in favor of Plaintiffs, for the benefit of the Funds, for the sum certain currently due plus any additional amounts which become due and owing during the pendency of this litigation or as a result of an audit together with late charges, liquidated damages, interest, audit costs, and attorney fees and costs incurred in this action or the

collection or enforcement of any judgment, as provided in the Labor Contract and incorporated documents.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

Respectfully submitted,

*Elizabeth Coleman*

ELIZABETH A. COLEMAN
(VSB NO. 78153)
JENNINGS SIGMOND, P.C.
The Penn Mutual Towers
510 Walnut Street, 16th Floor
Philadelphia, PA 19106-3683
Phone: (215) 351-0644
Fax: (215) 922-3524
E-mail: ecoleman@jslex.com

Attorney for Plaintiffs

Date: 1/9/13